**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MICHAEL L. ADAMS,**

**Petitioner,**

**v.**                                              **1:05-cv-2664-WSD-CCH**

**DON JARRIEL, Warden,**

**Respondent.**

## ORDER

This matter is before the Court on the Report and Recommendation [9]

issued by Magistrate Judge Hagy on November 1, 2005, and Petitioner's

Objection to the Report and Recommendation [10].[1]  In accordance with 28

U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court

has conducted a careful, *de novo* review of the portions of the Report and

Recommendation to which Petitioner has objected.  The Court has reviewed the

remainder of the Report and Recommendation for plain error.  United States v.

---

[1] Petitioner's filing is styled as a "Motion for Extension."  Having reviewed
the Petitioner's filing, however, it is clear that it seeks to challenge the
recommendation of dismissal by the Magistrate Judge.  Accordingly, in deference
to Petitioner's *pro se* status, the Court will treat this filing as an objection to the
Report and Recommendation.

<u>Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

After careful review, the Court finds the Magistrate Judge correctly

concluded that the instant petition for federal habeas corpus relief should be

dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts ("Rule 4").  The Magistrate Judge found that

(1) the petition was untimely; (2) that Petitioner did not allege facts which entitle

him to application of Section 2244's provisions regarding a state impediment, a

new constitutional right, or newly discovered evidence; and (3) Petitioner did not

allege facts which entitle him to equitable tolling or the actual innocence

exception.  (R&R at 6-8.)  Petitioner objects only to the Magistrate Judge's

conclusion that he did not allege facts showing that he was entitled to an actual

innocence exception.  (<u>See</u> Objection to R&R at 1.)

To make a credible showing of actual innocence, Petitioner must, "with

new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence -- that was not presented at

trial," demonstrate that "it is more likely than not that no reasonable juror would

have convicted him."  <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995).  The

Court has reviewed the allegations of the petition, as well as the brief submitted with the petition, and agrees with the Magistrate Judge that Petitioner does not allege facts which implicate the actual innocence exception.  Petitioner's objection to the Report and Recommendation does not dispute that he failed to allege such facts; instead, Petitioner seeks an extension of 30 or 60 days to seek out "new and reliable eye witnesses not presented at trial or [in the previous] habeas corpus proceeding . . . ."  (Objection to R&R at 1.)  Petitioner's belated and vague speculation concerning the existence of such evidence, and his intention to locate it, is not sufficient to avoid dismissal of his petition as untimely under Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [10] is **ADOPTED IN FULL** and the instant petition is **DISMISSED** pursuant to Rule 4.

**SO ORDERED**, this 8th day of December, 2005.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE